FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 MAR 13 PM 1: 25

**KEVIN HOUSE,**

    **Plaintiff,**

v.    Case # 8:15 cv 560 T24 TGW

**AETNA LIFE INSURANCE COMPANY, and**
**BANK OF AMERICA, CORP.,**

    **Defendants.**
_____/

## COMPLAINT

The Plaintiff, Kevin House (HOUSE) sues the Defendant, AETNA LIFE INSURANCE COMPANY (AETNA) and BANK OF AMERICA, CORP. (BANK OF AMERICA), and states:

### Count I
### *HOUSE v. AETNA* – Claim for ERISA Welfare Benefits

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. AETNA is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. HOUSE is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. HOUSE is and/or was a former employee of BANK OF AMERICA.



6. At all relevant times, HOUSE was a participant in a welfare benefit plan (the Plan) providing disability benefits sponsored by his employer, BANK OF AMERICA.

7. BANK OF AMERICA is the Plan Sponsor.

8. BANK OF AMERICA is the named Plan Administrator.

9. BANK OF AMERICA played no part in the administration of the plan or claims determination on House's claim.

10. A copy of the Plan's Summary Plan Description (SPD) cannot be attached as it was never provided by AETNA or BANK OF AMERICA despite requests.

11. HOUSE does not know if a formal plan document was ever adopted by BANK OF AMERICA or if such a document exists.

12. AETNA is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

13. The Plan's terms do not grant discretionary authority to AETNA, or alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to AETNA.

14. AETNA not only decides which claims are paid under the Plan, but it also pays any such claims from its own assets.

15. To the extent that the court determines that de novo review does not apply, AETNA's conflict of interest must be considered, because the funds at stake are not plan assets, but instead are AETNA's assets.

16. As the insurer of the Plan and the entity which also makes claim determinations, AETNA is subject to a higher than marketplace duty as an ERISA fiduciary.

17. HOUSE made a claim for Long Term Disability benefits under the Plan, which AETNA denied.

18. In its initial claims denial dated August 13, 2012, AETNA has refused to pay the benefits sought by HOUSE and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability.

19. HOUSE appealed AETNA's adverse decision on November 21, 2012.

20. HOUSE submitted additional information in support of his appeal on February 12, 2013, February 19, 2013, and March 3, 2013.

21. AETNA failed to make a determination on HOUSE's Long Term Disability Benefits or even respond to HOUSE's appeal.

22. AETNA has failed and refused to pay benefits to HOUSE based upon an onset date of June 11, 2011.

23. With respect to all claims made herein, HOUSE has attempted to exhaust all administrative/pre-suit remedies by requesting AETNA make a claim determination on June 20, 2013.

24. Because of AETNA's failure to decide HOUSE's appeal, HOUSE was denied a reasonable claims process.

25. HOUSE can thus proceed with his claim in federal court by operation of law. 29 C.F.R. § 2560.503-1(l).

26. De novo review applies to this action for one or more of the following reasons:

    a) AETNA was not properly delegated discretion,

    b) Plan terms did not delegate discretion to AETNA,

    c) AETNA denied HOUSE a reasonable claim process by operation of 29 C.F.R. § 2560.503-1(l).

    d) AETNA failed to exercise its discretion by failing to decide HOUSE's appeal.

27. HOUSE is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since December 12, 2011, through the date of filing this action.

28. HOUSE has met the definition of total disability based upon restrictions and limitations stemming from memory loss, slowed movement, sparse speech, and an inability to concentrate more than 5-10 minutes, as a result of traumatic brain injury. HOUSE also suffers from severe irritable bowel syndrome, which is worsened by stress, causing chronic diarrhea, abdominal pain, cramping, malaise, fatigue, and frequent use of the restroom.

29. There are approximately thirty-nine months of past due monthly benefit payments owed through the date of filing this action; and at the rate of $1,672 per month, AETNA has deprived HOUSE of the aggregate sum of $65,208.

30. HOUSE is entitled to benefits herein because:

    (a) The benefits are permitted under the Plan.

    (b) HOUSE has satisfied all conditions to be eligible to receive the benefits.

(c) HOUSE has not waived or relinquished entitlement to the benefit.

31. Each monthly benefit payment owed since December 12, 2011, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

32. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), HOUSE is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, KEVIN HOUSE, asks this Court to enter judgment against the Defendant, AETNA LIFE INSURANCE COMPANY, a foreign corporation, finding that:

(a) The Plaintiff is entitled to Long Term Disability benefits from December 12, 2011, through the filing of this lawsuit; and

(b) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from December 12, 2011, to the date of filing this lawsuit—a total of $65,208—together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

## COUNT II
### *HOUSE v. AETNA* – failure to produce documents required under ERISA

33. Pursuant to ERISA Section 502 (c), 29 U.S.C. 1132 (c), AETNA, is an administrator making decisions on the claim and thus a *de facto* plan administrator.

34. AETNA is thus under an affirmative, legal, and fiduciary duty to provide the claim file and plan documents within thirty days of request or face a penalty of $110 per day for failure or refusal to comply.

35. HOUSE's first request for the claim file and plan documents was received by AETNA on November 26, 2012.

36. A second request was received by AETNA on February 8, 2013.

37. AETNA has failed or refused to comply with HOUSE's requests for the claim file and plan documents.

38. Without the requested documents, HOUSE was prejudiced.

**WHEREFORE**, the Plaintiff, KEVIN HOUSE, asks this Court to enter judgment against Defendant, AETNA LIFE INSURANCE COMPANY, and award a penalty in the

amount of $110 per day or a total of $88,550 for failure to produce documents relied upon in determining HOUSE's claims from the date December 26, 2012 (thirty days after receipt of request) through the date this action was filed March 11, 2015 (805 days).

### COUNT III
### *HOUSE v. BANK OF AMERICA* – failure to produce documents required under ERISA

39. Pursuant to ERISA Section 502 (c), 29 U.S.C. 1132 (c), BANK OF AMERICA, is the plan administrator.

40. BANK OF AMERICA is thus under an affirmative, legal, and fiduciary duty to provide the plan documents within thirty days of request or face a penalty of $110 per day for failure or refusal to comply.

41. HOUSE's first request for the plan documents was received by BANK OF AMERICA on November 26, 2012.

42. A second request was received by BANK OF AMERICA on February 4, 2013.

43. BANK OF AMERICA has failed or refused to comply with HOUSE's requests for the claim file and plan documents.

44. Without the requested documents, HOUSE was prejudiced.

**WHEREFORE**, the Plaintiff, KEVIN HOUSE, asks this Court to enter judgment against Defendant, AETNA LIFE INSURANCE COMPANY, and award a penalty in the amount of $110 per day or a total of $88,550 for failure to produce documents relied upon in determining HOUSE's claims from the date December 26, 2012 (thirty days after receipt of request) through the date this action was filed March 11, 2015 (805 days).

- 8 -

DATED this 11th day of March, 2015.

_____
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
Attorney and Trial Counsel for Plaintiff
TUCKER & LUDIN, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
tucker@tuckerludin.com