UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN HOUSE,

    Plaintiff,

v.                                          Case No. 8:15-cv-560-T-24 TGW

AETNA LIFE INSURANCE
COMPANY and BANK OF
AMERICA CORP.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Bank of America's ("BOA") Motion to Dismiss or for Summary Judgment. (Doc. No. 27). Plaintiff opposes the motion. (Doc. No. 31). The Court construes this motion as a motion for summary judgment (as opposed to a motion to dismiss). As explained below, BOA's motion for summary judgment is granted in part and denied without prejudice in part.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own

affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II. Background

Plaintiff Kevin House was employed by Defendant BOA. Plaintiff was a participant in an employee welfare plan ("the Plan") that provided long-term disability ("LTD") benefits, which was sponsored by BOA. BOA is also the named Plan Administrator. Defendant Aetna Life Insurance Company ("Aetna") is the insurer of the Plan and is also the fiduciary charged with making benefit determinations under the Plan, including the determination of Plaintiff's LTD claim.

House made a claim for LTD benefits under the Plan, which Aetna denied on August 13, 2012. Thereafter, Plaintiff's attorney, on behalf of Plaintiff, made two requests for a copy of the Plan documents from BOA, to which BOA did not respond.

Specifically, on November 21, 2012, Plaintiff's attorney sent a letter to both Aetna and BOA to request the Plan documents. The heading of the letter contained the following recipient addresses:

> Danielle Caldwell
> Aetna Life Insurance Company
> P.O. Box 14578
> Lexington, KY 40512-4578
>
> Bank of America
> 4109 Gandy Boulevard
> Tampa, FL 33611

(Doc. No. 31-1, p. 1). The letter began with the following salutation: "Dear Ms. Caldwell:".

(Doc. No. 31-1, p. 1). This letter was sent to the BOA branch office where Plaintiff had worked,

and BOA received the letter on November 26, 2012.[1]  (Doc. No. 31-1, p. 7).

On February 1, 2013, Plaintiff's attorney sent another letter to both Aetna and BOA to request the Plan documents.  The heading of the letter contained the same two recipient addresses as the prior letter.  (Doc. No. 31-2, p. 1).  However, this letter began with the following salutation: "To Whom It May Concern:".  (Doc. No. 31-2, p. 1).  This letter was sent to the BOA branch office where Plaintiff had worked, and BOA received the letter on February 4, 2013.[2]  (Doc. No. 31-2, p. 8).

BOA did not respond to either request for Plan documents.  However, according to BOA's 2010 Associate Handbook (which was in force when Plaintiff's attorney made the November 2012 request), the proper address for requesting Plan documents in 2012 was the following:

> Bank of America Plan Administrator
> 901 W. Trade Street
> NC1-003-03-30
> Charlotte, NC 28255

(Doc. No. 27-1, p. 203 of 208; Doc. No. 27-4, ¶ 4).  Additionally, according to BOA's 2013 Summary Plan Description (which was in force when Plaintiff's attorney made the February 2013 request), the proper address for requesting Plan documents in 2013 was the following:

> Bank of America Plan Administrator
> NC1-026-02-50
> 900 W. Trade Street
> Charlotte, NC 28255

---

[1]Plaintiff sent this letter via UPS, and UPS's delivery notification indicates that the letter was received by "ORIHUELA."  (Doc. No. 31-1, p. 7).

[2]Plaintiff sent this letter via UPS, and UPS's delivery notification indicates that the letter was received by "MARIE."  (Doc. No. 31-2, p. 8).

(Doc. No. 27-2, p. 188 of 196; Doc. No. 27-4, ¶ 4).

Plaintiff's attorney did not mail either of his requests to either of the proper addresses listed above, nor did he address his letters to the BOA Plan Administrator. Instead, Plaintiff's attorney mailed the requests to the Tampa BOA branch office where Plaintiff had worked, which is one of several thousand BOA branch locations. (Doc. No. 27-4, ¶ 6; Doc. No. 31-3, ¶ 2). Plaintiff contends that he was not aware that a BOA department in North Carolina handled requests for Plan documents. (Doc. No. 31-3, ¶ 3).

BOA submitted evidence that all Plan participants received both the 2010 Associate Handbook and the 2013 Summary Plan Description. (Doc. No. 27-4, ¶ 10). Plaintiff responds that he "do[es] not ever recall receiving copies" of these documents. (Doc. No. 31-3, ¶ 4).

BOA also submitted evidence that personnel at BOA's Global HR Service Center help to facilitate requests for Plan-related documents. (Doc. No. 27-4, ¶ 7). Plaintiff responds that he did not know that he could call BOA's Global HR Service Center to get an address for his document requests, nor did he think to give that phone number to his attorney. (Doc. No. 31-3, ¶ 6).

According to BOA, its Plan Administrator personnel never received Plaintiff's request for Plan documents prior to this lawsuit. (Doc. No. 27-4). According to Plaintiff, the fact that his attorney mailed Plaintiff's document request to the BOA branch office where he had worked was sufficient to put BOA on notice of his document request.

As a result of the foregoing, Plaintiff filed a three-count complaint against Aetna and BOA. In Count I, Plaintiff asserts a claim for ERISA LTD benefits against Aetna. In Count II, Plaintiff asserts a claim against Aetna, pursuant to 29 U.S.C. § 1132(c)(1), for failing to provide

him with a copy of the Plan documents.[3]  In Count III, Plaintiff asserts a § 1332(c)(1) claim against BOA for failing to provide him with a copy of the Plan documents.

### III. Motion for Summary Judgment

Section 1132(c)(1) provides, in pertinent part, the following:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant . . . (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant . . . within 30 days after such request may in the court's discretion be personally liable to such participant . . . in an amount up to $[110][4] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1).  In Count III, Plaintiff contends that he is entitled to be awarded $110 per day for BOA's failure to provide him with the Plan documents after he requested them.

In response, BOA moves for summary judgment on this claim, arguing that: (1) Plaintiff's claim fails because he did not send his document requests to either of the correct addresses; and (2) a claim under § 1132(c) does not apply to Plaintiff's request for his claim file. Accordingly, the Court will analyze each argument.

#### A. Mailing Address

BOA moves for summary judgment on Count III, because Plaintiff did not send his

---

[3] In Count II, Plaintiff asserts a claim against Aetna (as a *de facto* plan administrator) for failing to provide him with a copy of his claim file and Plan documents. On May 13, 2015, the Court granted Aetna's motion to dismiss this claim. (Doc. No. 16).  Plaintiff was granted leave to file an amended complaint to reassert this claim, but he failed to do so. As such, there is no longer a § 1132(c)(1) claim against Aetna.

[4] The amount of the penalty was increased to $110 per day, pursuant to 29 C.F.R. § 2575.502c-1.

document requests to either of the correct North Carolina addresses, as set forth in the 2010 Associate Handbook and the 2013 Summary Plan Description. Plaintiff does not dispute that he did not send his requests to either of the correct North Carolina addresses. Instead, Plaintiff contends that BOA never made him aware of the correct addresses, and as a result, mailing his requests to the Tampa BOA branch office where he had worked was sufficient under § 1132(c)(1).

Because no discovery has yet been taken in this case, the Court will give Plaintiff the benefit of the doubt with regard to his belief that he never received the 2010 Associate Handbook and the 2013 Summary Plan Description, and thus, he was not aware of the proper addresses for sending his document requests. Thus, the question for this Court to answer is whether the mailing of the document requests to Plaintiff's branch office, without addressing the letter to the BOA LTD Plan Administrator, could be sufficient to trigger the penalty set forth in § 1132(c)(1). As explained below, the Court concludes that the answer depends on the specific facts and circumstances, and Plaintiff is entitled to conduct discovery of the same before the Court rules on this claim.

BOA argues that Plaintiff's § 1132(c)(1) claim fails, because he did not send his document requests to the correct address for the Plan Administrator. The case law on this issue is not well developed, because the few courts that have addressed the issue have not always provided detailed analysis.[5]

---

[5] For example, in Wilcott v. Matlack, Inc.,1993 WL 798228, at *4 (D. Colo. Dec. 30, 1993), the plaintiff sent a request for ERISA documents to the office where he worked, and he mailed a copy of the request to the plan administrator at an incorrect address. The district court concluded, without any analysis, that the plaintiff was not entitled to the § 1132(c)(1) penalty under the circumstances. See id. On appeal, the appellate court affirmed without much

However, the case of Romero v. SmithKline Beecham, 309 F.3d 113 (3d Cir. 2002), is instructive. In Romero, the plaintiff sent a letter to a Retiree Benefits Representative requesting a copy of her plan documents instead of requesting the documents from the plan administrator. See id. at 117. When the plaintiff did not receive the documents, she filed suit for penalties under § 1132(c)(1). See id. at 119. The district court denied the plaintiff's request for a penalty, because the plaintiff did not address her document request to the plan administrator. See id. In reversing the district court, the appellate court stated the following:

> We believe that the District Court's reading of . . . § 1132(c)(1) . . . is not compelled by the statutory language and is unduly narrow. . . . [I]t nowhere states that a request for covered information must be served upon or even mailed personally to the plan administrator. Moreover, such a requirement would in some circumstances unreasonably frustrate the evident purposes of the provision. For example, if the plan administrator is changed and a request for information is addressed to the previous administrator but actually reaches the current administrator, we see no reason why [§ 1132(c)(1)] should not apply. In addition, there may be other circumstances in which it is not easy for a participant or beneficiary to obtain the name of the administrator. ***We have no doubt that [§ 1132(c)(1)] was not meant to impose upon a plan participant or beneficiary seeking information the inflexible requirement of addressing the request to the current plan administrator***.
>
> At the same time, however, we agree with the District Court's general view that [§ 1132(c)(1)] must not be read too loosely. First, ***we believe that [§ 1132(c)(1)] requires actual receipt by the administrator.*** This interpretation is supported by the statute's reference to an administrator "who . . . fails or refuses to comply with a request for . . . information." It is not customary to refer to a person's failure or refusal to comply with a request that has never been received. Furthermore, it is unlikely that Congress wanted to impose a civil penalty on a person who has not engaged in any wrongful conduct.

---

discussion beyond stating that the district court did not abuse its discretion. See Wilcott v. Matlack, Inc., 64 F.3d 1458, 1462 (10th Cir. 1995).

7

Id. at 119-20 (emphasis added).  Thus, according to Romero, in order to succeed on a § 1132(c)(1) claim, the plaintiff must make a threshold showing that the plan administrator actually received the document request.  See id.; see also Jacobs v. Xerox Corp. Long Term Disability Income Plan, 520 F. Supp.2d 1022, 1041-42 (N.D. Ill. 2007).

In the instant case, BOA has submitted evidence (in the form of an affidavit) that its Plan Administrator personnel never received Plaintiff's request for Plan documents prior to this lawsuit.  (Doc. No. 27-4).  Plaintiff responds that the burden should not be on him "to investigate the proper address" for his document requests.  (Doc. No. 31, p. 2).  Thus, it appears that Plaintiff believes that the burden should be on the BOA Tampa branch mail department to determine to whom Plaintiff was intending to direct his 2012 and 2013 letters, given that he did not address the letters to a specific person or department.

In support of his contention that he is not required to prove actual receipt by the Plan Administrator, Plaintiff cites to Kerr v. Charles F. Vattertrott & Co., 184 F.3d 938 (8th Cir. 1999).  Plaintiff's reliance on Kerr is misplaced, because the plaintiff in Kerr properly addressed his document request to the plan administrator, and the plan administrator did not contend that it did not receive the plaintiff's request.  See id. at 947, 948 n.6.  Instead, the plan administrator argued that Plaintiff should have to submit *proof* that the request was received—an argument rejected by the appellate court due to the rebuttable presumption that a properly mailed document is received.  See id. at 947.  Furthermore, the appellate court stated that if the plan administrator "had provided *some* evidence that it did not receive the request, the district court may have properly placed the ultimate burden on [the plaintiff]."  Id. at 948.  Accordingly, this Court rejects Plaintiff's argument that he does not need to provide evidence that BOA's Plan

8

Administrator personnel received his request for Plan documents, given the undisputed evidence that he did not mail his requests to the proper addresses.

Alternatively, Plaintiff argues that he has submitted evidence that BOA personnel at the Tampa branch received both of his requests, and he would like an opportunity to conduct discovery on the issue of whether his requests were ever forwarded to BOA's Plan Administrator personnel. Given that no discovery was undertaken prior to the filing of the instant motion, the Court concludes that Plaintiff is entitled to conduct discovery on this issue prior to the Court's ruling on this claim. Accordingly, the Court denies without prejudice BOA's motion for summary judgment on this claim.

BOA may re-file a motion for summary judgment on this claim after the parties conduct discovery on this claim. If Plaintiff is unable to show actual receipt of his document requests by BOA's Plan Administrator personnel, then Plaintiff's § 1132(c)(1) claim will fail.[6]

### B.  Section 1132(c) Documents

BOA also argues that to the extent that Plaintiff is requesting a penalty for BOA's failure

---

[6] The Court acknowledges that if Plaintiff did not receive the 2010 Associate Handbook and the 2013 Summary Plan Description, Plaintiff would not know, without investigation, the correct addresses to mail his document requests. However, one investigating where to send an ERISA document request would likely start with the company's Human Resources department, and Plaintiff does not deny that he knew the phone number for BOA's Global HR Service Center. There is evidence before the Court that had Plaintiff called BOA's Global HR Service Center, he could have obtained the correct addresses for his document requests. (Doc. No. 27-4, ¶ 7).
Furthermore, at a minimum, Plaintiff should have at least addressed his document requests to the BOA LTD Plan Administrator. Instead, the salutation on his first request was "Dear Ms. Caldwell:". (Doc. No. 31-1, p. 1). Given that Caldwell is listed on the letter as an Aetna representative, Plaintiff likely made it difficult for this request to reach the BOA LTD Plan Administrator.

to turn over his claim file (as opposed to his Plan documents), such a claim must fail.[7] In support of this argument, BOA cites to this Court's May 13, 2015 order on this issue in connection with Aetna's motion to dismiss. (Doc. No. 16). For the reasons set forth in the Court's May 13, 2015 order, the Court grants BOA's motion for summary judgment on this issue and concludes that to the extent that Plaintiff is requesting a penalty for BOA's failure to turn over his claim file, such a claim fails.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that BOA's Motion for Summary Judgment (Doc. No. 27) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Plaintiff cannot seek a penalty for BOA's failure to turn over his claim file. However, the motion is **DENIED WITHOUT PREJUDICE** to the extent that Plaintiff seeks a penalty for BOA's failure to turn over his Plan documents.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of July, 2015.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[7] Plaintiff does not appear to allege in his complaint that he requested his claim file from BOA; instead, he only alleges that he requested his claim file from Aetna. However, the Court will address this issue as if Plaintiff had alleged that he had also requested his claim file from BOA.